USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACCUPROBE, INC., and JAN M. ARNETT,

                        Plaintiffs,

-against-

EARTH SEARCH SCIENCES, INC.,
GENERAL SYNFUELS INTERNATIONAL,
INC., and LARRY VANCE,

                        Defendants.

1:18-cv-11871-MKV

OPINION & ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

    This case implicates a question of personal jurisdiction raised in response to a Motion for Default Judgment. [ECF No. 34]. Plaintiffs Jan Arnett and Accuprobe, Inc. moved for default on the Complaint [ECF No. 9]. Defendant Larry Vance entered a *pro se* appearance and opposed the motion on behalf of himself and Defendants Earth Sciences, Inc., and General Synfuels International, Inc. (together, the "Defendant Corporations") and cross-moved to dismiss, arguing that Plaintiffs had failed to effectuate service under the Federal Rules of Civil Procedure. [ECF No. 42]. The Court agrees that the Plaintiffs did not effectuate adequate service in this matter.

## BACKGROUND

    The parties are not strangers to the Southern District of New York. In 2010, Plaintiffs Jan Arnett and Accuprobe, Inc. filed an initial complaint against Defendants Earth Search Sciences, Inc. ("ESSI"), General Synfuels International, Inc. ("GSI") for breach of an alleged 2005 settlement agreement between the parties. *See Accuprobe, Inc. v. Earth Search Sciences*, 10-cv-06910 (LGS); Compl. ¶ 11. In that case, plaintiffs served ESSI through a registered agent via FedEx, and GSI through delivery to a civil process clerk for the company in Boston, Massachusetts. *Accuprobe, Inc. v. Earth Search Sciences*, 10-cv-06910 (LGS), Dkt Nos. 2, 4.

1

Thereafter, both GSI and ESSI filed an answer which did not challenge service. *Id.*, Dkt. No. 8. In June 2013, the parties informed the court that they had again reached a settlement. *See* Compl. ¶ 13. In response, the court dismissed the claims without prejudice. Compl. ¶ 20. That case was briefly reopened after the settlement broke down in September 2013, only to be closed less then a month later. *See* Compl. ¶¶ 26-28.

Behind the scenes, the Parties had apparently negotiated *another* new settlement in principle. *See* Compl. ¶¶ 29-30. After engaging in a back-and-forth regarding the exact terms of the agreement, Defendants allegedly said that they would only close if Plaintiffs agreed to Defendants' exact version of the settlement. Compl. ¶ 31. Plaintiffs claim that they acquiesced and agreed to sign Defendants' version of the settlement agreement. Compl. ¶ 32.

While Plaintiffs apparently provided the executed documents to Defendants' counsel in 2015, Defendants allegedly never actually signed them. Compl. ¶ 33. Inexplicably, Plaintiffs apparently never raised this issue or complained about Defendants' failure to actually effectuate the settlement to conclude the case they had then been litigating for five years. Compl. ¶ 33. It wasn't until 2018 that Plaintiffs renewed their demands for Defendants to execute the settlement papers. Compl. ¶ 34. After Defendants to execute the documents, Plaintiffs commenced this second action in December 2018, alleging *inter alia*, breach of the original 2014 Settlement Agreement that was apparently never signed.[1] *See* Compl. ¶ 34. Defendants never answered the Complaint filed in this case. Plaintiffs obtained a certificate of default and moved for default judgment. [ECF No. 34]. Judge Ramos, then presiding over the case, denied Plaintiffs' motion

---

[1] Judge Schofield declined to accept this case as related to the original lawsuit that resulted in the purported settlement that Plaintiff seeks to enforce by this action.

for failure to comply with the court's Individual Rules of Practice. [ECF No. 32]. Thereafter, the case was reassigned to this Court.

Shortly after Plaintiffs renewed their motion for default judgment [ECF No. 34], Defendant Vance filed a Notice of *Pro Se* Appearance [ECF No. 41], and a Cross-Motion to Dismiss the Complaint [ECF No. 42], supported by an unsworn Declaration [ECF No. 40] (the "Vance Decl."). Through counsel, Plaintiff Arnett[2] replied to the cross motion [ECF No. 45]. Mr. Justin Breck, an attorney for the Defendants not admitted in this Court, filed a Reply Declaration [ECF No. 49] responding to points raised in Plaintiffs' response to the cross motion to dismiss. The central dispute between the Parties, and the current issue before the Court, is whether Plaintiff adequately served the Defendants in this second case.

## DISCUSSION

As a threshold matter, the Court notes that the Defendants have not retained counsel, and therefore are proceeding *pro se*. [ECF No. 41]. As Plaintiff points out, a corporation may not represent itself. *See United States ex rel Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A] layman may not represent a corporation even if the sole shareholder."). Defendant Larry Vance submits a declaration contesting service with respect to both himself and the Defendant Corporations. *See* Vance Decl. ¶¶ 1, 6, 10. While he notes he "cannot appear on behalf of the Companies in this Court," he requests that the Court "*sua sponte* dismiss[] this action against them" for failure to comply with the service requirements of Federal Rule of Civil Procedure 4.

---

[2] Initially, this case involved Accuprobe, Inc., in addition to Mr. Jan Arnett, as a party. When Plaintiffs' counsel withdrew, [ECF No. 56], the Court directed Plaintiff Arnett to show cause why Accuprobe, Inc. should not be dismissed. [ECF No. 63]. After Plaintiff Arnett failed to respond to the Court's order to show cause, Accuprobe, Inc. was dismissed from this action since a corporation cannot proceed *pro se*. [ECF No. 65].

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—*on motion or on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3] This Court therefore has the inherent ability to dismiss the complaint for lack of adequate service, regardless of the fact that Defendant Vance moves this Court, in part, on behalf of the unrepresented Defendant Corporations. Furthermore, the issue of adequate service speaks to whether this Court has personal jurisdiction over the Defendants for purposes of Plaintiff's motion for default judgment. *See Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (noting that the "lawful exercise of personal jurisdiction by a federal court requires [in part the] satisfaction [that] plaintiff's service of process upon the defendant [was] procedurally proper."); *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 439-40 (S.D.N.Y. 2012) (quoting *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006)) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Lack of personal jurisdiction over the Defendants may abrogate the Court's ability to grant Plaintiff any relief against Defendants, whether or not they appear to move for dismissal. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."); *see also Young America's Found. v. Stenger Rosenberg v. Lashkar-e-Taiba*, 2016 U.S. Dist. LEXIS

---

[3] The Court notes that the plain language of Rule 4(m) requires notice to the plaintiff if it concludes that *sua sponte* dismissal is warranted for failure to serve the summons and complaint within 90 days. *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002). It is clear Plaintiff here is already on notice that there is an effort to dismiss the action for failure to comply with the service requirements by virtue of Plaintiff's opposition to the cross motion. *Cf. Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (concluding that failure to provide notice is abuse of discretion or error where lack of notice prevented "plaintiff from making a colorable argument that there was good cause to extend the . . . period in which service was due.").

87724, at *29 (E.D.N.Y. July 5, 2016) ("[I]t is well established that failure to adequately prove proper service of court documents under Rule 4 bars the entry of a default judgment."); *Barnes v. New York State Div. of Human Rights*, 2014 WL 4678276, at *3 (S.D.N.Y. Sept. 19, 2014) ("[Defendant] has not yet been properly served and . . . there is therefore good cause under Federal Rule of Civil Procedure 55(c) to set aside the entry of default."). As a result, the Court must address whether service was properly effectuated with respect to all Defendants.

I.     **PLAINTIFF FAILED TO TIMELY SERVE DEFENDANT VANCE**

The Complaint in this case was filed on December 18, 2018. [ECF No. 9]. The Complaint alleges that Mr. Vance is "upon information and belief, a citizen of the State of Montana." Compl. ¶ 5. On December 21, 2018, Plaintiffs filed a Request for Issuance of Summons as to Mr. Vance was made [ECF No. 13], which summons was then issued on December 26, 2018 [ECF No. 16]. Thereafter, an Affidavit of Service with respect to service on Mr. Vance was filed on March 7, 2019 [ECF No. 19], claiming that service was timely made on February 23, 2019. The Affidavit states that the summons was left "at the individual's residence or usual place of abode with[] Mrs. Tami Carver (ex wife) @ 299 Wagner Lane Kalispell MT." However, Mr. Vance claims that he has "never resided at [that residence], nor [has he] had any ownership or other interest in that property." Vance Decl. ¶ 6. In support, he includes a sworn affidavit by Tami Carver [ECF No. 40, Ex. 3] (the "Carver Decl.") in which she states she told the service processor that "Larry does not live here" and swears that "[a]t no time has Mr. Vance ever resided in [the 299 Wagner Lane residence]."

"Rule 4 of the Federal Rules of Civil Procedure governs the service of process in a civil suit." *Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). Rule 4(e)(2) provides that service may be effectuated by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode . . . ; or

delivering a copy of each to an agent authorized by appointment or by law to receive service of process." On the record before the Court, service in this case does not satisfy any of the provisions of Rule 4(e)(2).

In support of his motion, Mr. Vance provides both his own declaration, and one by Ms. Carver. Both declarations were made pursuant to 28 U.S.C. § 1746 which provides for unsworn declarations made under penalty of perjury. Mr. Vance's declaration, however, is technically deficient because it does not include the language that he swears "under penalty of perjury that the foregoing is true and correct." *See* Vance Decl. The Second Circuit strictly follows the technical requirements of Section 1746. *Cortez v. Lobo*, 722 F.3d 483, 488 (2d Cir. 2013). However, Ms. Carver's declaration *does* meet the technical requirements of Section 1746. *See* Carter Decl. Her declaration is therefore competent evidence that Mr. Vance was not served personally, and Plaintiff has not rebutted the sworn evidence that the 299 Wagner Lane residence was not Mr. Vance's "dwelling or usual place of abode," or that Ms. Carver was not an authorized agent to receive service on his behalf.

Service on Mr. Vance also fails under Rule 4(e)(1), which provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Service therefore would have to comply with the state law of either New York (where the Southern District of New York is located) or Montana (where service was attempted). The Montana Rules and New York Rules for service on a competent individual mirror those of the Federal Rule, requiring either personal service, delivery of the summons and complaint on an authorized agent, or service on a suitable person at the person's business or usual place of abode. *See* Mont. R. Civ. P. 4(e)(1)-(2); NY CPLR § 308.

In sum, the Court concludes that Mr. Vance was not served in compliance with the Federal Rules of Civil Procedure.  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion . . . —must dismiss the action without prejudice against that defendant."  Fed. R. Civ. P. 4(m).  By virtue of Mr. Vance's motion to dismiss for lack of timely service, Plaintiff was on notice that his claims against Mr. Vance were at risk of dismissal.  Plaintiff has not explained why service was not timely made with respect to Mr. Vance.  The Court therefore sets aside the entry of default with respect to Mr. Vance and grants the motion to dismiss the action as against him.  *See* Fed. R. Civ. P. 55(c) ("[F]or good cause shown the court may set aside an entry of default."); *see Crawford v. United States Sec. Assocs.*, 2020 U.S. Dist. LEXIS 3562, at *11 (S.D.N.Y. Jan. 5, 2020) ("The failure to serve the summons renders service ineffective and justifies vacating the entry of default.").

## II.   PLAINTIFF FAILED TO TIMELY SERVE THE DEFENDANT CORPORATIONS

The Court concludes that Plaintiff additionally failed to timely serve the Defendant Corporations.  On December 21, 2018, a Request for the Issuance of Summons as to GSI [ECF No. 14] and ESSI [ECF No. 15] was made.  On December 26, 2018, the electronic summons was issued for both corporations.  [ECF Nos. 17, 18].  Thereafter, an affidavit of service was filed on March 7, 2019.  [ECF No. 20].  The affidavit states that service was made on ESSI by service upon Laughlin Associates, an apparent "registered agent for [ESSI]" located in Nevada, ECF No. 20 ¶ 2a, and on GSI by service on the Nevada Secretary of State, ECF No. 20 ¶ 2b.  The exhibits attached to the affidavit note, however, that the service was attempted by mail via the United States Postal Service.  [ECF No. 20, Exs. 1-2].  Plaintiff now concedes that service was made on the alleged agents of the Defendant Corporations through "delivery by *Priority* U.S. Mail **with tracking and return receipt obtained**.").  Reply at 8 (emphasis in original).

7

Service on the corporate defendants similarly is valid only if it complies with the Federal Rules of Civil Procedure. Rule 4(h) governs the requirements for service on a corporation. Fed. R. Civ. P. Rule 4(h). That rule provides that service is proper if it complies either with the requirements of Rule 4(e)(1), or if the complaint and summons are delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.*[4]

Discussed above, Rule 4(e)(1) incorporates state law requirements for service on a corporate defendant. Thus, service on the Defendant Corporations would be proper if it complied with either the state law of Nevada (where service was attempted on ESSI and GSI via mail) or New York (the state where this Court sits).

Plaintiff contends that service by mail is valid, and under Nevada law, personal service is not required for serving a corporation. The Nevada Rules of Civil Procedure state that an entity registered within the state may be served by delivering a copy of the summons and complaint to "the registered agent of the entity or association." Nev. R. Civ. P. 4.2(c)(1)(A)(i). More specifically, service on a registered agent may be made personally, or by "leaving a copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent." Nev. Rev. Stat. § 14.020(2). Courts applying Nevada service law have determined that "Nevada law requires *personal* service of the summons and complaint to both individuals and corporations by any of the personal delivery methods authorized in the federal Rules, *but not*

---

[4] Service by mail is insufficient under Federal Rule of Civil Procedure 4(h)(1)(B). *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 596 (E.D.N.Y. 2013) ("Notably, however, nothing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process."); *Terrell v. NBC Universal Media LLC*, 2019 U.S. Dist. LEXIS 118566, at *5-6 (E.D.N.Y. July 15, 2019) (same); *Saragama India, Ltd. v. Mosley*, 2012 U.S. Dist. LEXIS 39322, at *7 (S.D.N.Y. Mar. 20, 2012) (same); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286-87 (S.D.N.Y. 2000) (same).

regular or certified mail." *Roundtree v. Ultimate Vacation Experience*, 2:17-cv-02390-JAD-PAL, 2018 WL 7204220 at *4 (D. Nev. Oct. 24, 2018) (emphasis added) (collecting cases), *report and recommendation adopted* 2019 WL452735 (D. Nev. Feb 5, 2019).  Thus, even assuming that Laughlin Associates or the Secretary of State were authorized agents to receive service on behalf of ESSI and GSI (respectively), under Nevada law, service on those authorized agents must be by personal delivery and service by mail is ineffective.

New York Civil Practice Law and Rules § 311(a)(1), which governs service on a corporation, provides that personal service on a corporation shall be made by "delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  And while a mail alternative to personal service is authorized in New York pursuant to CPLR § 312-a, that provision requires that the summons be mailed "to the person or entity to be served, by first class mail, postage prepaid" "together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [CPLR § 312-d]."  Service by mail is not complete until the acknowledgment of receipt is signed and returned.  CPLR § 312-a.  The record here reflects only that the summons and complaint were mailed to purported agents of the corporations, and not that the mailed summons was accompanied by the required form, or that receipt was acknowledged pursuant to those forms.  Significantly, Plaintiff does not contend otherwise.  *See* Reply at 8.

Little here explains why service on the Defendant Corporations was not timely effectuated.  Plaintiff was represented by counsel at the time he attempted service.  [Order Granting Withdraw of Counsel, ECF No. 63].  There is no doubt that the identities of GSI and ESSI were known to Plaintiff since at least 2010, when the present dispute between the parties

9

over the settlement—which in actuality is the endpoint of the earlier case—started in earnest. Further, the service requirements pursuant to the Federal Rules, the Nevada Rules, and/or the New York Rules were readily available to Plaintiff and his counsel.  Plaintiff does not explain why he failed to comply with any of the procedural schemes through which service was possible, and therefore has not yet shown good cause for why an extension for service should be granted pursuant to Federal Rule of Civil Procedure 4(m).  Additionally, by virtue of Mr. Vance's *pro se* motion, which cannot be made on behalf of the Defendant Corporations, Plaintiff (and his then-counsel) has been on notice that service on the Defendant Corporations was deficient in this three-year-old matter, but has not explained why service was improper.

Federal Rule of Civil Procedure 4(m) states that if a defendant is not timely served, the court "after notice to the plaintiff" "must dismiss the action without prejudice against that defendant or order that service be made."   The Court therefore directs Mr. Arnett to show cause why this case should not be dismissed for failure to effectuate timely service with respect to the Defendant Corporations.  On or before **March 21, 2022**, Mr. Arnett shall file a brief letter explaining why this matter should not be dismissed for failure to timely serve pursuant to Rule 4(m).  **THE COURT MAY DISMISS THIS MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) IF CAUSE IS NOT SHOWN WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO TIMELY SERVE.**

## CONCLUSION

For the reasons stated herein, the Court GRANTS Mr. Vance's cross-motion to dismiss [ECF No. 42] with respect to him.  The certificate of default is vacated as against him, and the claims asserted against him are DISMISSED WITHOUT PREJUDICE.  Plaintiff is ordered to show cause on or before March 14, 2022 why this case should not be dismissed for failure to timely serve the Defendant Corporations.  **FAILURE TO SHOW CAUSE WHY THIS CASE**

10

**SHOULD NOT BE DISMISSED FOR FAILURE TO TIMELY SERVE, OR TO COMPLY WITH THE COURT'S ORDER, MAY RESULT IN DISMISSAL OF THIS ACTION**.

The Clerk of the Court respectfully is requested to send a copy of this order to the Plaintiff at the address of record.

**SO ORDERED.**

**Date:   February 28, 2022**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**